**Luiz Pereira SANTANA, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 12–72041.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2015.*

Oct. 28, 2015.

Charles E. Nichol, Law Offices of Charles E. Nichol, San Francisco, CA, for Petitioner.

Jeffrey Ronald Meyer, Esquire, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN and CHRISTEN, Circuit Judges and DUFFY,** District Judge.

MEMORANDUM ***

Luiz Santana, a native and citizen of Brazil, petitions for review of a final order of removal denying statutory withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(1) and deny the petition for review.

Substantial evidence supports the Board's finding that Santana failed to es-tablish a clear probability that he will be persecuted in Brazil because of an imputed whistleblower political opinion or member-ship in a social group of individuals who report corruption and are not protected by the government. *Khudaverdyan v. Hold-er*, 778 F.3d 1101, 1106 (9th Cir.2015) (a petitioner must establish that "the *perse-cutor* was motivated by a *belief* that the petitioner held" an anti-corruption political opinion) (emphasis in the original).

The record does not compel a conclusion that Santana ever blew the whistle on cor-ruption, or that the unknown individual shot at Santana because the shooter be-lieved that Santana had opposed police corruption. Moreover, there is no evi-dence that the shooting of Santana by some unknown person was in any way connected to Santana's recommendation of a logger to an undercover policeman. The mere fact that the shooting occurred two weeks after the logger's arrest does not compel any particular inference. *Kozulin v. INS*, 218 F.3d 1112, 1117 (9th Cir.2000) (holding that an anonymous attack three weeks after an expression of a political opinion did not compel a finding of perse-cution on account of a political opinion where the attackers could have been moti-vated by revenge). Nor is there any evi-dence in the record to compel a conclusion that the government knew that Santana had been targeted, failed to protect him, or would not protect him if he returned to Brazil.

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publica-tion and is not precedent except as provided by 9th Cir. R. 36–3.

** The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by des-ignation.

*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).